FILED
Mar 14, 2023
02:42 PM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Adelino Cintron,** | ) | **Docket No.: 2022-01-0565** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Wheeler Technologies, LLC,** | ) | **State File No.: 111402-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **Donegal Insurance Group,** | ) | **Judge Audrey A. Headrick** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

Mr. Cintron asked the Court either to order Wheeler to authorize an evaluation with Dr. Peter Lund or to provide a panel of hand specialists based on a direct referral. Wheeler denied that Mr. Cintron is entitled to see a hand specialist, asserting his carpal tunnel syndrome is not causally related to the work injury. For the reasons below, the Court holds Mr. Cintron is entitled to see Dr. Lund for an evaluation.

## Claim History

On November 19, 2020, Mr. Cintron attempted to climb from the bucket of a truck onto a ladder that opened mid-air, causing him to jerk back and forth. He initially received authorized treatment from Dr. Jay Jolley for his back injury. Dr. Jolley placed Mr. Cintron at maximum medical improvement for his back in June 2021. At the June visit, Dr. Jolley noted that Mr. Cintron complained of "numbness, tingling and weakness in his [upper extremities]" as well as "loss of strength in his hands."

Later, Mr. Cintron selected Dr. David Lowry, board-certified in physical medicine and rehabilitation, from a panel to evaluate his neck complaints. Mr. Cintron reported neck pain that radiated down his shoulders and arms, weakness in both hands, and numbness. Dr. Lowry ordered an EMG, which showed moderate carpal tunnel syndrome and peripheral neuropathy.

1

In May 2022, Dr. Lowry referred Mr. Cintron to see Dr. Peter Lund, a hand specialist within his practice, to evaluate his carpal tunnel syndrome. However, Wheeler neither authorized Dr. Lowry's direct referral nor offered a panel of hand specialists.

During his February 2023 deposition, Dr. Lowry testified about his referral. He acknowledged he was unable to state that the work injury caused Mr. Cintron's carpal tunnel syndrome. However, Dr. Lowry stated he "would have to defer the ultimate judgment [of causation] to Dr. Lund, who is the hand specialist, to tell if he thought [the carpal tunnel syndrome] could be acute or traumatic." Further, Dr. Lowry viewed Dr. Lund as "better qualified to opine as to the cause of the carpal tunnel syndrome."

## Findings of Fact and Conclusions of Law

Mr. Cintron must prove he is likely to prevail at a hearing on the merits that he is entitled either to see Dr. Lund or to receive a panel of hand specialists. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2022). The Court finds he carried this burden and orders Wheeler to authorize Mr. Cintron to see Dr. Lund.

Wheeler argued that Mr. Cintron's carpal tunnel syndrome resulting in Dr. Lowry's referral is not work-related. The Court is not persuaded. Wheeler presented no medical proof to support its assertion. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16-18 (Feb. 14, 2018) (parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments). Dr. Lowry acknowledged he cannot state the work injury caused the carpal tunnel syndrome. Instead, he deferred the causation determination to Dr. Lund. At this stage, Mr. Cintron does not have to prove causation to see a hand specialist. Instead, he must only show he is likely to prevail on the issue of whether Dr. Lowry made a valid referral.

Wheeler's argument relies on its belief that a referring doctor must establish causation before the referral is authorized. It provided no authority for its assertion, which flatly contradicts the statutory mandate that any treatment recommended by a panel physician shall be presumed to be medically necessary. Tenn. Code Ann. § 50-6-204(a)(3)(H). Moreover, when Dr. Lowry referred Mr. Cintron to Dr. Lund, Wheeler had three business days to accept the direct referral or to provide a panel of hand specialists. Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii).

Here, Dr. Lowry referred Mr. Cintron to Dr. Lund in May 2022. Ten months passed from the referral date to the Expedited Hearing. In the interim, Dr. Lowry testified that he deferred the causation opinion to Dr. Lund. Wheeler chose not to offer a panel. Therefore, the Court holds Mr. Cintron is likely to prove at trial that he is entitled to see Dr. Lund for an evaluation. *See also Williams v. People Ready,* 2022 TN Wrk. Comp. App. Bd. LEXIS 23, at *8-10 (June 2, 2022) (where an employer fails to respond within three business days of a direct referral as required by subsection 204(a)(3)(A)(ii), it is deemed to have accepted

the referral, and the court properly designated the referral physician as the authorized treating physician).

Finally, Wheeler failed to timely authorize Dr. Lowry's direct referral or to provide a panel of hand specialists, which delayed Mr. Cintron's medical treatment. Therefore, the Court refers this case to the Compliance Program for consideration of a penalty assessment, including, but not limited to, Wheeler's failure to promptly provide a panel in response to Dr. Lowry's referral and failure to continue to provide medical benefits. *See* Tenn. Code Ann. § 50-6-118; Tenn. Comp. R. & Regs. 0800-02-01-.06(8) (May 2018).

**IT IS, THEREFORE, ORDERED** as follows:

1. Wheeler shall promptly authorize Mr. Cintron to see Dr. Lund for evaluation as required by Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii) on or before March 24, 2023.

2. The case is referred to the Compliance Program for investigation as outlined above.

3. This case is set for a Status Hearing on May 10, 2023, at 10:30 a.m. Eastern Time. The parties must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance.

5. For compliance questions, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED March 14, 2023.**


_Audrey Headrick_____
**Audrey A. Headrick**
**Workers' Compensation Judge**

**APPENDIX**

Exhibits:
1. Rule 72 Declaration of Mr. Cintron
2. Deposition of Dr. Lowry
3. Medical records of Dr. Jolley
4. Medical records of Fast Access Healthcare

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Employee's Request for Expedited Hearing
5. Order Setting Expedited Hearing
6. Employee's Motion to Alter, Amend or Reconsider
7. Employer's Response to Motion to Alter, Amend or Reconsider
8. Employee's Reply Brief to Employer's Response
9. Employee's Motion to Set Status Conference and to Modify [Expedited Hearing]
10. Order Rescheduling Claim for Expedited Hearing
11. Docketing Notice for Decision on the Record

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on March 14, 2023.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Chris Markel, Employee's Attorney | | X | cmarkel@markelfirm.com |
| Ritchie Pigue, Employer's Attorney | | X | rpigue@tpmblaw.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

/s/Penny Shrum          w/permission JD

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov